## THE PAUL L.

## VAN CAMP SEA FOOD CO., Inc., v. LUKETA.
### No. 13177.

District Court, W. D. Washington, N. D.
Feb. 15, 1932.

Hayden, Merritt, Summers & Bucey, of Seattle, Wash., for libelant.

Dykeman, Monheimer & Griffin, of Seattle, Wash., for respondents.

NETERER, District Judge.

Libelant seeks to enforce a claim for purse seine furnished to the fishing boat Paul L in rem and judgment in personam against the owner, the libelant residing in San Pedro, Cal., and the seine was shipped to San Francisco for the purpose of being placed upon the boat and to become a part of the boat in catching fish along the Pacific Coast off the coast of California.

The claimant excepts for the reason that seine was furnished upon the credit of the boat, and that an action in personam may not be maintained against the owner at the same time, and that the Paul L was in a foreign port, and that the seine was shipped to the respondent by rail.

The exceptions must be overruled. Under Admiralty Rule 13 of the Supreme Court, an action in rem may be joined with an action in personam. This rule is distinguished from the rule prior to its promulgation in that, in the former rule, election had to be made whether to proceed against the ship or against the owner or master (title 28, USCA § 723, Admiralty Rule 13, page 394); and under the rule in effect since March 7, 1921, joinder of action against the ship with an action in personam against the owner is permissible. Both the vessel and the owner are liable for supplies to the vessel.

Title 46 USCA § 971 provides: "Any person furnishing repairs, supplies * * * shall have a maritime lien on the vessel, which may be enforced by suit in rem, and it shall not be necessary to allege or prove that credit was given to the vessel." A purse seine ordered for a fishing vessel is material and supplies, within the purview of the law. The Mountaineer (C. C. A.) 286 F. 913; The Hiram R. Dixon (D. C.) 33 F. 297.

Title 46 USCA § 973 eliminated artificial distinction that a lien depends upon whether the supplies were furnished in the home port or foreign port, and the necessity of proof that the supplies were furnished on credit of the owner or vessel, or vice versa. Shipping supplies by rail to the port of the

vessel, sold for use upon the vessel and delivered and actually used, creates a lien (The Yankee [C. C. A.] 233 F. 919) under existing law, even though section 7783, Comp. St., has been repealed since The Yankee was decided, by Act of June 5, 1920 (41 Stat. 1006).

The exceptions are denied.